OPINION
Appellants Thomas and Loretta Cramer separately appeal the July 3, 1997 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, granting permanent custody of their minor child, Brittany Cramer, to appellee Licking County Department of Human Services, Children's Services Division.
 STATEMENT OF THE FACTS AND CASE
Via ex parte order, the Licking County Court of Common Pleas, Juvenile Division, placed Brittany Cramer in emergency shelter care with appellee on January 10, 1996. The decision to place Brittany with appellee was predicated upon a number of factors, including the incarceration of her father, Thomas Cramer; the homelessness of her mother, Loretta Cramer; and concerns about Brittany's health. At the time, Brittany was seventeen months old.
At an adjudication hearing on February 22, 1996, both Thomas Cramer and Loretta Cramer entered admissions to the complaint. The trial court found Brittany was a dependent child. As a dispositional order, the trial court placed Brittany in the temporary custody of appellee. During this time, Brittany continued in the care of her foster family. The trial court ordered both parents to comply with the case plan.
On November 6, 1997, appellee filed a motion for permanent custody pursuant to R.C. 2151.414. Throughout the period between the adjudication hearing and the filing of the permanent custody motion, neither parent was able to rectify the situation which led to Brittany's original removal from their custody. While both parents were consistent in attending counseling for their alcohol and drug problems, neither made significant progress in these programs.
Mr. Cramer was repeatedly incarcerated. He was unable to complete two separate alcohol and drug treatment programs. He continued to abuse alcohol until the permanent custody hearing. Furthermore, Thomas Cramer did not obtain stable housing. He was employed only intermittently.
Ms. Cramer also did not obtain stable housing and employment. At the time of the permanent custody hearing, she was incarcerated after being indicted for attempted felonious assault.
At the hearing on appellee's motion for permanent custody on February 6, 1997, appellee presented testimony from several witnesses. After considering the testimony and other facts in the case, the trial court granted appellee's motion. The trial court's decision was memorialized in a judgment entry dated July 3, 1997. It is from this judgment entry, Ms. Cramer prosecutes this appeal raising the following assignment of error:
 THE TRIAL COURT ERRED BY ENTERING A DECISION, BASED UPON INSUFFICIENT EVIDENCE, THAT THE LICKING COUNTY DEPARTMENT OF HUMAN SERVICES HAD MADE REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD FROM ITS HOME, WHILE NOT SETTING FORTH ITS SPECIFIC FACTUAL FINDING AS REQUIRED BY THE OHIO REVISED CODE 2151.419.
Mr. Cramer appeals the same judgment entry, raising as error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING A FINDING, BASED UPON INSUFFICIENT EVIDENCE, THAT THE LICKING COUNTY DEPARTMENT OF HUMAN SERVICES HAD MADE REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD FROM HER HOME, AND BY NOT SETTING FORTH SPECIFIC FACTUAL FINDING AS REQUIRED BY OHIO REVISED CODE 2151.419.
Because both assignments of error raises the identical issue, we address them together.
Appellants contend R.C. 2151.419 requires the trial court, after ruling on a motion for permanent custody under 2151.413, to provide a specific listing of facts explaining the grant or denial of the motion for permanent custody.
This Court has previously reviewed the question of whether the requirements of R.C. 2151.419 apply to R.C. 2151.413 motions in In the Matter of Andrew Guisinger (May 31, 1994), Stark App. No. CA 9478, unreported. In that case, we found R.C. 2151.419 does not apply to R.C. 2151.413 motions, and; therefore, the trial court is not required to enter a specific listing of the facts leading to its decision. Upon revisiting this issue, we adhere to our decision in Guisinger and overrule both Thomas Cramer's and Loretta Cramer's assignments of error.
The Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the July 3, 1997 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellants.